### MOUAT V. HILDEBRAND.

1. LANDLORD AND TENANT — RECEIPT BY LESSOR IN FULL OF ALL INDEBTEDNESS PRIOR TO BREACH OF CONDITION OF LEASE.— A provision in a lease of land to a party for the purpose of operating a saw-mill, "that at the expiration of the lease the lessee should clear away all *débris* and trash immediately upon removing away his mill, and restore the ground to the condition it was in before occupied by the lessee," is not discharged by a receipt "in full of all indebtedness and demands to this date; and also for rent to February

1, 1886, * * *" given by the lessor before the removal of the mill and surrender of the premises, no breach of the provision having occurred at that time. To have exonerated the lessee or his assignee in advance from the duty imposed by this provision of the lease would have required special mention of such release in the receipt.

2. JUDGMENT ON FINDINGS OF FACT UPON CONFLICTING EVIDENCE.— A judgment on findings of the trial court on conflicting evidence, such findings not being manifestly against the weight of the evidence, will not be disturbed.

3. EVIDENCE — TESTIMONY GIVEN IN CHIEF MAY BE REJECTED WHEN AGAIN OFFERED IN REBUTTAL.— The rejection of testimony, offered in rebuttal, to prove facts testified to in chief by witnesses for the same party, is not error.

*Appeal from County Court of Jefferson County.*

ACTION by Minna Hildebrand against John Mouat for breach of an agreement in a lease. From a judgment for plaintiff, defendant appeals.

Mr. W. B. MILLS, for appellant.

Messrs. COE & FREEMAN, for appellee.

RICHMOND, C. On the 1st day of September, 1884, appellee herein (plaintiff below) leased to John Mouat a certain portion of her ranch in the county of Jefferson, for the purpose of operating a saw-mill, upon certain conditions: *First.* That the appellant should inclose that portion of the ranch leased, including a log road, with a fence, and keep the same in repair; the fence to become the property of the lessor in the event of said log road becoming a county road. *Second.* That he should pay $25 monthly in advance. *Third.* That at the expiration of the lease the lessee should clear away all *débris* and trash immediately upon moving away his mill, and restore the ground to the condition it was in before occupied by the lessee.

In pursuance of this written lease, the defendant entered upon the possession of the land with his mill. By this ac-

tion, the plaintiff seeks to recover for breach of that part of the lease which provided for clearing away the *débris* and trash, and for restoration of the ground to the condition it was in before occupation by the defendant.

. Prior to the termination of the lease the appellant herein transferred all his right, title and interest in and to the lease to the John Mouat Lumber Company. Appellant contends that this transfer and assignment of the lease was made with the consent of the appellee with the distinct and positive understanding that appellee was to look to the company for the performance of all of the conditions of the lease. This appellee disputes. It also appears that January 11, 1886, prior to the removal of the mill, appellee gave the following receipt: "Denver, Colo., Jan. 11, 1886. Received of the John Mouat Lumber Company the sum of $57.98 in full of all indebtedness and demands to this date; also, for rent to February 1, 1886: provided, that the above-mentioned company will and does fix their fences as agreed upon in the lease within three days. This does not include the fencing .up the gulch north of the mill."

Appellant claims that this receipt embraces a complete discharge of that portion of the lease .referring to the removal of the *débris,* and the restoration of the land. In addition to this it is claimed by appellant that a certain amount of lumber had been delivered to the appellee upon the express understanding that it should be in satisfaction of the obligation on the part of the appellant to remove the *débris,* and to restore the land to its former condition. It will thus be seen that the following issues were presented at the trial: (1) Was the transfer and assignment of the lease by the appellant to the John Mouat Lumber Company with the consent of the appellee, and did she agree to look to the company for the fulfillment of the conditions of the lease? (2) Was the receipt in full of all demands, including a waiver of the performance of the provisions of the lease concerning the removal of the *débris* and the restoration of

the land to its former condition? (3) Did appellee receive the lumber in lieu of the performance of the last above mentioned condition?

The action was commenced before a justice of the peace of Jefferson county, and from thence appealed to the county court, where a jury was waived. The court found the issues in favor of the plaintiff below, and assessed her damages at the sum of $132, upon which finding judgment was entered. To reverse this judgment this appeal is prosecuted.

The testimony as detailed in the printed abstract is very conflicting, but sufficient appears, in our judgment, to warrant us in following the rule of this court, to the effect that where the judgment is not manifestly against the weight of the evidence it will not be disturbed.

Upon the first issue the evidence on the part of appellant, who was defendant below, does not satisfactorily establish a release of the defendant from the obligation of the lease, and the acceptance of the lumber company instead; while the evidence on the part of the plaintiff is to the effect that it was a matter of indifference to appellee, who operated the mill upon the premises, whether the appellant or the company named after him, so long as the conditions of the lease were fulfilled. The claim that the receipt recited was a release from all liability under the clause providing for the removal of the *débris* and trash immediately upon moving away the mill, and restoring the ground to the condition it was in before its occupation by the lessee, is untenable.

At the date of the receipt the mill was evidently on the ground, as the testimony on the part of appellant shows that the possession was not surrendered until February, 1886. No cause of action had accrued to appellant, no breach of this provision of the lease having occurred at the time. To exonerate the lessee in advance from the duty imposed by this provision of the contract would have required mention and a release. This alone would justify the court in finding that the receipt had no bearing on the ques-

tion in controversy, in the absence of a specific contract between the parties. The testimony amounts to a positive assertion on the part of appellant, and denial on the part of appellee, and the court determined this issue in favor of the plaintiff. The same result followed in the third issue, relating to the receipt of the lumber.

It is insisted that the court erred in rejecting testimony on the part of the defendant in rebuttal. This claim, we think, is unfounded, for the reason that the very facts which appellant offered to prove in rebuttal had already been testified to in chief by witnesses of appellant, and rebutted by testimony on the part of appellee.

A careful examination of the record in this case has resulted in the conclusion, on our part, that the cause was fairly tried, and that no error occurred at the trial which warrants the reversal of the judgment. The judgment should be affirmed.

REED and BISSELL, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*